United States District Court
for the
Southern District of Florida

| Peter T. Ripich, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-22652-Civ-Scola |
| United States of America and others, Defendants. | ) ) ) | |

**Order Granting Motion to Dismiss**

This matter is before the Court on Defendant United States of America's Motion to Dismiss (ECF No. 43). Plaintiff Peter Ripich filed an untimely response (ECF No. 51) and the United States replied (ECF No 52). After reviewing the parties' submissions, the record, and the applicable law, the Court **grants** the Defendant's motion (**ECF No. 43**).

I.   **Background**

Ripich's Amended Complaint alleges that on June 27, 2015, he bought a 2015 Land Rover 4 in Miami, Florida. (ECF No. 29 at ¶ 18.) Shortly thereafter, Ripich placed the car for sale with Miami Mastercar, LLC. (*Id.* at ¶ 20.) On July 1, 2015, Damien Berry[1] purchased the car for $66,640 using a bad check. (*Id.* at ¶ 21.) The Plaintiff never received the purchase price for the vehicle. Berry then sent the car to New Jersey to be shipped to China. (*Id.* at ¶ 25.) The Plaintiff sued the United States, among others, because U.S. Customs and Border Patrol allowed the car to be exported without any evidence of title and while the vehicle had an outstanding lien upon its title, in violation of federal regulations. (*Id.* at ¶ 29.) The Plaintiff asserts three causes of action against the United States: negligence, negligence per se under 19 U.S.C. §§ 1624, 1627(a), and negligence per se under Florida law. (ECF No. 29 at 5-8.)

II.  **Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be made in one of two ways: a facial attack or a factual attack.

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the

---

[1] Damien Berry was dismissed from this case on February 15, 2019. (ECF No. 45.)

> complaint to be true. But when the attack is factual, 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The attack in this case is factual.

### III.  Analysis

The United States moves to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction because the United States is immune from suit. (ECF No. 43.) Under the doctrine of sovereign immunity, the United States is generally immune from suit. There are, however, exceptions to this rule. For example, under the Federal Tort Claims Act, the United States may be held liable for negligence claims based on allegations that federal employees failed to perform duties imposed by federal law. *See Scheib v. Florida Sanitarium and Benev. Ass'n*, 759 F.2d 859, 864 (11th Cir. 1985). This *limited* waiver of sovereign immunity is "expressly limited to those instances where the United States would be liable if a private person under like circumstances would be liable in accordance with the law of the place where the act or omission occurred." *Id.* (internal citations and quotations omitted). Here, the United States argues that the Plaintiff has not identified a corresponding state law duty and breach thereof that would impose tort liability if undertaken by a private person in similar circumstances. (ECF No. 43 at 6.)

The Plaintiff responds to the United States' argument by repeating his position that U.S. Customs and Border Patrol officials failed to stop the deportation of a vehicle without proper documentation in violation of federal regulations. (ECF No. 51 at 5-6.) As an initial matter, the Court notes that the Plaintiff's response was filed almost two months after the Defendant's motion. (*See* ECF No. 51.) Under Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." Although it is within the Court's discretion to

grant the Defendant's motion by default, the Court will consider the merits of the parties' arguments.

The Court agrees with the United States. All three counts asserted against the United States allege violations of federal regulations. (ECF No. 29 at 5-8.) The Plaintiff is unable to put forth an equivalent state law tort that would waive the United States' sovereign immunity. Instead, the Plaintiff simply reiterates that the United States "owed a duty to the Plaintiff and other vehicle owners to block the exportation of vehicles without proper documentation [and] United States Customs and Border Patrol breached that duty. . . ." (ECF No. 51 at 6.) Even Count IIII, titled "Negligence Per Se – Florida Law," alleges that the U.S. Customs and Border Patrol "owed a duty to the Plaintiff as a result of the enactment of 19 C.F.R. 192.2(b), which was enacted pursuant to 19 U.S.C. §§ 1624, 1627(a)." (ECF No. 29 at 8.) Accordingly, the United States is immune from suit and the Court lacks subject matter jurisdiction over the Plaintiff's claims.

## IV. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 43**.) The Clerk is directed to **close** this case. All pending motions are **denied** as **moot**.

**Done and ordered** at Miami, Florida, on June 20, 2019.

_____
Robert N. Scola, Jr.
United States District Judge